UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 1:15-cv-00176 — WYD-MJW

CROSSFIT, INC., a Delaware corporation, )
)
                                 Plaintiff, )
)
v. )
)
5280 REALTY, INC., a Colorado )
corporation, and JOE P. SAINZ III, an )
individual, collectively, )
)
                                 Defendants.

## PROTECTIVE ORDER (Docket No. 50-1)

Pursuant to the stipulation between the Parties, and good cause appearing, the Court now enters the following Protective Order:

**I. INTRODUCTION**

    **A.** **Definitions**

        1. "CONFIDENTIAL Document" means any document produced that bears the "Confidential" stamp or legend specified in Section II, Designation of Confidential Information, below.

        2. "CONFIDENTIAL Information" means confidential commercial information including but not limited to sensitive or proprietary business or financial information, sales, marketing, or product or service development strategies, tactics or plans, customer lists, business agreements or contracts, personal information, or information furnished to the party producing the information in confidence by a third party.

        3. "ATTORNEYS' EYES ONLY Document" means any document produced that bears the "Attorneys' Eyes Only" stamp or legend specified in Section II, Designation of Confidential Information, below.

4. "ATTORNEYS' EYES ONLY Information" means trade secrets, confidential, sensitive or proprietary business, financial, or personal information that is particularly sensitive and which, if disclosed to the opposing party or to third parties, could cause unfair disadvantage or compromise of the business or competitive or privacy interests of the disclosing party or the party to whom the information pertains.

5. "Document" or "Documents" means all written, recorded, electronic, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to Rule 26, document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable. "Document" or "Documents" also means and refers to materials that constitute "writings" or "recordings" or "photographs" within the meaning of Rule 1001 of the Federal Rules of Evidence and materials falling within the scope of Rule 34(a) of the Federal Rules of Civil Procedure.

6. "Designating Party" means the Party or Person who initially produces the Document and marks it with a confidentiality/attorneys' eyes only designation.

7. "Receiving Party" means a Party that receives Discovery Material from a Designating Party.

8. "Party" or "Parties" means any person or entity that is named as a party to this litigation.

9. "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any governmental agency.

10. "Discovery Material" means all Documents produced and information disclosed in this action and all deposition testimony taken in this action, exhibits thereto and any video or transcripts thereof.

11. "Disclose" means to show, give, make available, reproduce, communicate or excerpt any Discovery Material, or any part or contents thereof.

### B. Good Cause

This trademark infringement lawsuit will involve the production of the Confidential Information identified in Section I.A.2 above and Attorneys' Eyes Information identified in Section I.A.4 above. Pursuant to Fed. R. Civ. P. 26(c), good cause exists to grant the Parties' request for a Protective Order to (1) preserve the privacy interests of the Parties' customers in general; (2) protect the confidential business records and proprietary information of the Parties and avoid business and/or commercial injury; and (3) allow the Parties to exchange information in the most expeditious fashion possible, with minimum burden, expense, dispute, and delay. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential.

### C. Scope of the Protective Order

1. This Protective Order applies to all Parties to this action and their counsel as well as retained and non-retained experts and/or consultants.

2. Nothing in this Protective Order shall require disclosure of any information or material that is protected from disclosure by any applicable privilege.

3. Nothing in this Protective Order shall require disclosure of any information or material that is otherwise outside the scope of discovery.

4. Any Party hereto may make a good faith objection to the designation of any document, response, testimony, or information as "Confidential Information" or "Attorneys' Eyes Only Information" by the Designating Person, and may make a motion for an order compelling disclosure of and/or access to such material without restriction, after first attempting to resolve the objection with the Designating Person. Applicable federal law shall govern the burden and standard of proof on any such motion. Prior to the submission of any such dispute to the Court, the challenging Party shall provide written notice to the Designating Person of its disagreement with the

designation, and those Persons shall try first to resolve such a dispute in good faith. Pending the resolution of any such objection or motion, any Discovery Material, the confidentiality of which is disputed, shall remain subject to the terms of this Protective Order. A Party shall not be obligated to challenge the propriety of information designed as Confidential Information at the time the designation is made and failure to do so shall not preclude a subsequent challenge thereto. Notwithstanding the foregoing, any motion challenging a confidential designation shall be made in strict compliance with Local and Chamber Rules, including any obligations to prepare and submit Joint Stipulations concerning the matters in dispute.

5. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or Person with respect to information designated as "Confidential Information" or "Attorneys' Eyes Only Information" pursuant to this Protective Order. The fact that information is or is not designated as "Confidential Information" or "Attorneys' Eyes Only Information" under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

6. This Protective Order shall not govern the use by a Party of any Discovery Material otherwise lawfully in its possession, notwithstanding the fact that the Party either produces that Discovery Material in the course of discovery in this action or receives a duplicate copy of that Discovery Material through discovery in this action.

7. The Parties may agree to accord Discovery Material produced in this action even greater confidentiality protection than that provided in Section II of this Protective Order, and nothing in the provisions of this Protective Order shall be deemed to preclude any Person from seeking and obtaining from the Court such additional protection with respect to the confidentiality of Discovery Material as may be appropriate or necessary.

8.  Discovery Material designated "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order shall not be disclosed to any Person or entity except as expressly set forth herein. All Discovery Material produced or provided by any Designating Person in connection with this litigation shall be used by the Parties only for the purposes of this action, including depositions, motions, pre-trial preparation, trial or appeal. Otherwise, except by order of the Court, such Discovery Material shall not be used by any Party other than the producing Party for any other purpose.

9.  Inadvertent production of privileged information shall not constitute a waiver of any applicable privilege. Upon written notice by the producing or designating Party that privileged information was inadvertently produced, all Parties shall destroy or return all copies of the information to the producing or designating Party within ten (10) days of such notice.

## II. CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION

### A. Designation of Information

1.  A Designating Person, who reasonably believes in good faith that a Document being produced contains Confidential Information or Attorneys' Eyes Only Information, may designate such Document as containing such information only by: (1) Bates stamping such Document; and (2) stamping such Document with the following legends: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

    (a) <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Designating Party may affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (or words to similar effect).

    (b) <u>for information produced in native format</u>, e.g. spreadsheets,

the Designating Party may include in the filename(s) the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

    2.    Failure of any Designation Person to designate Confidential Information in the manner described above shall not preclude any Designating Person from thereafter in good faith making such a designation. Documents and materials so designated shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation.

### B.     Qualified Person Regarding Confidential Information

Any document or other Discovery Material designated as "Confidential Information" may be disclosed only to the following Persons and/or entities:

    1.    The Court, its officers, jury, and any special master, referee, or mediator authorized to act in this proceeding;

    2.    Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are regularly employed by such counsel and who are actively engaged in assisting such counsel in this action;

    3.    Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

    4.    Witnesses in the course of a deposition taken in this action to whom disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A;

    5.    The Parties to this action, and those officers, directors, managing agents, or employees of the Parties hereto who are actively engaged in the preparation of this action for trial or for other resolution and to whom disclosure is reasonably necessary;

    6.    Any retained or non-retained expert and/or consultant who is engaged in the preparation of this action for trial or for other resolution to whom

disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A.

7. The author and named recipients of the document, persons who have previously seen the document or other Confidential Information other than through discovery or disclosures in this action, and the original source of the information.

C. **Qualified Person Regarding Attorneys' Eyes Only Information**

Any document or other Discovery Material designated as "Attorneys' Eyes Only Information" may be disclosed only to the following Persons and/or entities:

1. The Court, its officers, jury, and any special master, referee, or mediator authorized to act in this proceeding;

2. Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are regularly employed by such counsel and who are actively engaged in assisting such counsel in this action;

3. Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

4. Witnesses in the course of a deposition taken in this action, only insofar as such witness was identified as knowledgeable of the Attorneys' Eyes Only Information, and such knowledge was obtained legally prior to this lawsuit;

5. The Parties' in-house litigation counsel and their assistants (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are actively engaged in the preparation of this action for trial or for other resolution.

6. Any retained or non-retained expert and/or consultant who is engaged in the preparation of this action for trial or for other resolution to whom disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A.

7. The author and named recipients of the document, persons who have previously seen the document or other Attorneys' Eyes Only Information other than through discovery or disclosures in this action, and the original source of the information. For the sake of clarity, the Designating Party shall always have access to and be permitted to see information which it has disclosed and marked as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

D. **Limited Use of Information**

Documents and Discovery Material designated "Confidential Information" and/or "Attorneys' Eyes Only Information" shall be used solely for this lawsuit, and shall not be used by the Receiving Party for any other purpose, including without limitation any other litigation, arbitration, or claim.

E. **Filing Under ~~Seal~~** Restricted Access [handwritten: 6 3v-15 m Jv]

If any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Information" and/or "Attorneys' Eyes Only Information," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under ~~seal~~ [handwritten: Restricted Access Consistent with D.C.Colo.LCivR]; and the application shall be directed to the judge to whom the papers are directed. [handwritten: 7.L] For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

F. **Depositions Regarding Confidential Information**

The Parties may use Confidential Documents and Confidential Information during depositions in this action. In the event that any document or other Discovery Material designated as "Confidential Information" is marked as an exhibit in a deposition, or any question is asked at a deposition that calls for or requires the disclosure of Confidential Information, any Party may request within twenty (20) days after receipt of the transcript of the deposition (through written notice to all Parties) that any portion of such deposition transcript relating to Confidential Information be designated pursuant to this Protective

Order. If the designation is made after the court reporter has prepared the transcript, each counsel shall be responsible for appropriately labeling all of his or her copies of such deposition transcript.

Any Party also may request at the deposition (through a notation on the record) that the portion of the deposition transcript relating to such Confidential Information be treated as follows:

The reporter shall separately bind the portion(s) of the transcript containing Confidential Information, and any exhibit(s) to the deposition designated as "Confidential Information," and shall mark such portion(s) and exhibit(s) substantially as follows: "CONFIDENTIAL."

### G. Depositions Regarding Attorneys' Eyes Only Information

The Parties may use Attorneys' Eyes Only Documents and Attorneys' Eyes Only Information during depositions in this action, only to the extent that the witness had legally-obtained, prior knowledge regarding the Attorneys' Eyes Only Documents and Attorneys' Eyes Only Information. If any Party representatives are attending the deposition and are not entitled to the Attorneys' Eyes Only Documents and Attorneys' Eyes Only Information, such representatives may be asked to leave the room during that portion of the testimony.

In the event that any document or other Discovery Material designated as "Attorneys' Eyes Only Information" is marked as an exhibit in a deposition, or any question is asked at a deposition that calls for or requires the disclosure of Attorneys' Eyes Only Information, any Party may request within twenty (20) days after receipt of the transcript of the deposition (through written notice to all Parties) that any portion of such deposition transcript relating to Attorneys' Eyes Only Information be designated pursuant to this Protective Order. If the designation is made after the court reporter has prepared the transcript, each counsel shall be responsible for appropriately labeling all of his or her copies of such deposition transcript.

Any Party also may request at the deposition (through a notation on the record) that the portion of the deposition transcript relating to such Attorneys' Eyes Only Information be treated as follows:

The reporter shall separately bind the portion(s) of the transcript containing Attorneys' Eyes Only Information, and any exhibit(s) to the deposition designated as "Attorneys' Eyes Only Information," and shall mark such portion(s) and exhibit(s) substantially as follows: "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

**H.     Unauthorized Disclosure Of Confidential or Attorneys' Eyes Only Information**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential or Attorneys' Eyes Only Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A.

**I.     Confidential or Attorneys' Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or an order issued in other litigation or court proceedings that requires disclosure of information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating Party, in writing (by e-mail, if possible) promptly and in no event more than four court days after receiving the subpoena or order but before the scheduled date for production. Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also promptly inform the Party who caused the

subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is subject to this Protective Order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

### III. POST-DISCOVERY TREATMENT OF INFORMATION

1. This Protective Order shall not govern at trial. The Parties to this action shall attempt to agree on procedures to protect at trial the confidentiality of information designated pursuant to this Protective Order and shall, prior to trial, submit such proposed procedures to the Court for its approval or modification.

2. Not later than thirty (30) days after the final disposition of this litigation, including any appeals, all Discovery Material shall, at the option of the Receiving Party, be returned to counsel for the Producing Party or to the Designating Persons or destroyed and a certificate of destruction provided. If any Discovery Material is furnished under this Protective Order to any expert or to any other Person, the attorney for the Party retaining such expert or furnishing the Discovery Material shall be responsible to ensure that it is returned and disposed of pursuant to this Protective Order.

3. After the final disposition of this litigation, including any appeals, Counsel of record for each Party may keep one copy of all Confidential and Attorneys' Eyes Only Documents for record-keeping purposes only. Counsel are also entitled to retain one copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, discovery or attorney work product, even if such materials contain Confidential or

Attorneys' Eyes Only Material. All such information maintained by Counsel remain subject to the terms of this Protective Order.

4. No part of the terms of this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each Party, or by an order of this Court for good cause shown. This Protective Order shall survive any final disposition of this case, and after termination of this action, the Court shall retain jurisdiction to enforce or modify this Protective Order *until Termination of This Case unless Independent Jurisdiction can be established*.

### IV. MISCELLANEOUS

1. Nothing contained in this Protective Order or any designation of confidentiality hereunder shall be used or characterized by any party as an "admission" by any party opponent.

2. This Protective Order may be modified only by Order of the Court on stipulation or motion by the Parties or by other Order of the Court.

3. Any violation of this Protective Order may constitute contempt of Court.

4. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

5. Nothing contained herein is intended to limit or otherwise affect a party's use of his, her, or its own Confidential or Attorney's Eyes Only Information, or the use of information obtained from a source other than discovery or disclosures in this Action.

IT IS SO ORDERED.

Dated: *June 30*, 2015

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

*[margin: MJW 6-30-15]*